**McLaughlin & Stern, LLP**
260 Madison Avenue, 18th Floor
New York, NY 10018
Telephone: 212-448-1100
Facsimile: 212-448-0066
Bruce A. Langer
Email: blanger@mclaughlinstern.com
David W. Sass
Email: dsass@mclaughlinstern.com

*Attorneys for Defendant Linda Schoenheimer McCurdy*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | SIPA LIQUIDATION |
| BERNARD L MADOFF INVESTMENT SECURITIES LLC, | No. 08-01789 (BRL) |
| Debtor. | |
| IRVING H. PICARD, Trustee for the liquidation of Bernard L. Madoff Investment Securities. LLC | ADV. Pro. No. 09-1305 (BRL) |
| Plaintiff, | |
| v. | |

COHMAD SECURITIES CORPORATION,
MAURICE J. COHN, MARCIA B. COHN,
ROBERT JAFFE, ALVIN J. DELAIRE, JR.,
STANLEY MERVIN BERMAN, JONATHAN
GREENBERG, CYRIL JALON, MORTON
KURZROK, LINDA SCHOENHEIMER
MCCURDY, RICHARD SPRING, ROSALIE
BUCCELLATO, MILTON S. COHN, MARILYN
COHN, JANE M. DELAIRE A/K/A JANE
DELAIRE HACKETT, CAROLE DELAIRE,
EDWARD H. KOHLSCHREIBER, EDWARD H
KOHLSCHREIBER SR REV MGT TRUST,
GLORIA KURZROK, JOYCE BERMAN, S & J
PARTNERSHIP, JANET JAFFIN REVOCABLE
TRUST, THE SPRING FAMILY TRUST,
JEANNE T. SPRING TRUST, THE ESTATE OF
ELENA JALON, THE JOINT TENANCY OF

PHYLLIS GUENZBURGER AND FABIAN
GUENZBURGER, THE JOINT TENACNY OF
ROBERT PINCHOU AND FABIAN
GUENZBURGER, ELIZABETH M. MOODY

Defendants.

## ANSWER OF LINDA SCHOENHEIMER MCCURDY

Defendant, Linda Schoenheimer McCurdy, for her answer to the Complaint, by her undersigned attorneys, McLaughlin & Stern, LLP, hereby avers as follows:

1. Denies that she participated in and aided a Ponzi scheme perpetrated by Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities LLC ("BLMIS"), or committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad Securities Corporation ("Cohmad"), and as to the remaining allegations of Paragraph 1 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations. In further response to the foregoing, at all times pertinent to the Complaint, Defendant's primary business was acting as a registered representative servicing clients who had security accounts held at Cohmad.

2. Denies that she participated in a fraudulent scheme or committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad, and as to the remaining allegations of Paragraph 2 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

3. Denies that she engaged in any wrongdoing as a registered representative and former employee of Cohmad, and as to the remaining allegations of Paragraph 3 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth

of those allegations. In further response to the foregoing, at all times pertinent to the Complaint, Defendant Schoenheimer's primary business was acting as a registered representative servicing clients who had security accounts held at Cohmad.

4. Paragraphs 4-8 of the Complaint assert jurisdictional and venue allegations which are matters of law that Defendant is not required to respond.

5. Upon information and belief, admits that Cohmad was a corporation with its office at 885 Third Avenue, New York, New York, that Cohmad is or was registered with the SEC and a FINRA member, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Complaint.

6 - 13. Upon information and belief, admits the identified individuals worked at Cohmad, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 10-17 of the Complaint.

14. Denies she is currently registered as an agent of Cohmad with the CRD number indicated, but admits the remaining allegations of Paragraph 18 of the Complaint.

15 – 17. Upon information and belief, admits the identified individuals worked at Cohmad, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 19-21 of the Complaint.

18. Denies the allegations as to Defendant, and further denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

20.     Denies that she used Cohmad for the purpose of furthering a Ponzi scheme or committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad, and as to the remaining allegations of Paragraph 24 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

21.     Upon information and belief, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, except admits, upon information and belief, that Marilyn Cohn is Sonny Cohn' wife but denies any knowledge that Sonny Cohn' wife was at one time a vice president and secretary of Cohmad.

22.     Upon information and belief, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

23.     Upon information and belief, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

24.     Upon information and belief, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

25.     Upon information and belief, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, except admits, upon information and belief, that Kohlschreiber is Carole Delaire's father.

26.     Upon information and belief, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, except admits, upon information and belief, that Gloria Kurzrok is married to Kurzrok.

27.     Upon information and belief, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 31-38 of the Complaint.

28. Denies that she directed and controlled entities and individuals with IA accounts at BLMIS set forth in paragraphs 25-38 of the Complaint, knew that BLMIS was predicated on fraud, received transfers of money from BLMIS or committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad, and as to the remaining allegations of Paragraph 39 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint, except admits that: BLMIS had a place of business at 885 Third Avenue, New York, NY.30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, except insofar as, upon information and belief, what may have been reported by the news media on or about that date.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint, except insofar as, upon information and belief, what may have been reported by the news media on or about that date.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint.

33.     Denies that Defendant committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and the remaining allegations of Paragraph 45 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint.

36.     Denies that she was aware of a BLMIS Ponzi scheme or committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad, and as to the remaining allegations of Paragraph 48 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 54-55 of the Complaint.

43.     Denies that she was aware that Cohmad existed in part to facilitate growth of a BLMIS Ponzi scheme or engaged in any wrongdoing as a registered representative and former employee of Cohmad, and as to the remaining allegations of Paragraph 56 of

the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

44.     Denies that she introduced anyone to BLMIS or committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and denies the remaining allegations of Paragraph 57 of the Complaint.

45.     Denies that she was compensated for placing investor's money in a BLMIS Ponzi scheme or engaged in any wrongdoing as a registered representative and former employee of Cohmad, and as to the remaining allegations of Paragraph 58 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 59-60 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint.

48.     Denies having referred accounts to BLMIS or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraphs 62-63 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint.

50.     There is no Paragraph 64 in the Complaint to which to answer.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint.

52.     Denies having referred accounts to BLMIS or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 66 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

53.     Admits that she conducted trades for her clients, denies that she committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 67 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations of those allegations, except insofar as, upon information and belief, what may have been reported by the news media.

54.     Denies that she was aware of a Madoff Ponzi scheme and deception or committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad, and as to the remaining allegations of Paragraphs 68-69 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

55.     Denies having had actual knowledge of a BLMIS Ponzi scheme, having referred or steered accounts to BLMIS or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 70 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

56.     Denies having referred accounts to BLMIS or having committed or engaged in any wrongdoing as a registered representative and former employee of

Cohmad and as to the remaining allegations of Paragraphs 71-72 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint.

58.     Denies having referred accounts to BLMIS or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 74 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

59.     Denies having knowledge that BLMIS IA business was a fraud or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 75 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

60.     Denies having referred accounts to BLMIS or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 76 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

61.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 77-78 of the Complaint, except that the payment schedules included as Exhibit 3 and as Figure 1 speak for themselves in terms of reflecting what information they purport to show.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint, except that the payment schedules included as Exhibit 3 and as Figure 1 speak for themselves in terms of reflecting what information they purport to show.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Complaint.

65.     Denies being aware of any fictitious profit status of BLMIS customer accounts, having referred accounts to BLMIS or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 82 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Complaint, except insofar as, upon information and belief, what may have been reported by the news media.

67.     Denies being aware of a BLMIS or Madoff Ponzi scheme, having stated that she was a representative of Madoff and/or BLMIS and/or indicated a need for a meeting with Madoff or BLMIS, or committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 84 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

68.     Denies being aware that BLMIS allegedly held out Cohmad Representatives to its customers as registered representatives of BLMIS or committed or engaged in any wrongdoing as a registered representative and former employee of

Cohmad and as to the remaining allegations of Paragraph 85 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 of the Complaint, except that the document referred to speaks for itself in terms of reflecting what information it purports to show.

70. Denies being aware that BLMIS allegedly held out Cohmad Representatives to its customers as registered representatives of BLMIS or committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 87 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations except that the document referred to speaks for itself in terms of reflecting what information it purports to show.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 88-89 of the Complaint except that the documents referred to speak for themselves in terms of reflecting what information they purport to show.

72. Denies having acted like an employee of BLMIS or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 90 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations except that the document referred to speaks for itself in terms of reflecting what information it purports to show.

73.     Denies having provided information to potential investors that indicated Cohmad worked with BLMIS or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 91 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations except that the document referred to speaks for itself in terms of reflecting what information it purports to show.

74.     Denies having informed individuals that she was personally with what is referred to as the Madoff system, made any representations about such system, was aware of any BLMIS Ponzi scheme, engaged in fraud, made any false statements to clients or committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 92 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

75.     Denies having provided Cohmad customers with information about fictitious profits or committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 93 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations except that the document referred to speaks for itself in terms of reflecting what information it purports to show.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94-97 of the Complaint, except that the document referred to speaks for itself in terms of reflecting what information it purports to show.

77.     Denies knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 98 of the Complaint except that the document referred to speaks for itself in terms of reflecting what information it purports to show.

78.     Denies knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 99 of the Complaint except that the document referred to speaks for itself in terms of reflecting what information it purports to show.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Complaint, except admits that Cohmad and BLMIS both had office space on the 18th Floor of 885 Third Avenue and she was a registered representative and former employee of Cohmad.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the Complaint, except admits that Cohmad and BLMIS both had office space on the 18th Floor of 885 Third Avenue but insofar as Defendant was a registered representative and former employee of Cohmad, the particular office space locations on such floor were not Defendant's responsibility.

82.     Denies knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraph 103 of the Complaint except that the document referred to speaks for itself in terms of reflecting what information it purports to show.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 104-105 of the Complaint.

84. Denies being aware that BLMIS' trading desk executed trades of securities through Cohmad, that BLMIS was not actively trading in the IA accounts or had the capability of executing trades, or that she committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 106 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 107-111 of the Complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth of those allegations of Paragraphs 112-113 of the Complaint except that the document referred to speaks for itself in terms of reflecting what information it purports to show.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the Complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of-the allegations of Paragraph 115 of the Complaint.

89. Denies having maintained a customer account with BLMIS or that she committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 116 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

90. Denies having been a client of the IA business, having maintained the BLMIS Cohmad Family IA Accounts with BLMIS set forth on Exhibit 11 or having committed or engaged in any wrongdoing as a registered representative and former

employee of Cohmad and as to the remaining allegations of Paragraph 117 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations except that the documents referred to speak for themselves in terms of reflecting what information they purport to show.

91. Denies having sent funds to BLMIS' account at JPMorgan Chase & Co. in New York, New York or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 118 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations except that the documents referred to speak for themselves in terms of reflecting what information they purport to show.

92. Denies having invested with BLMIS through multiple deposits to the BLMIS Bank Account or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 119 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations except that the allegations concerning jurisdiction for purposes of this proceeding are not responded to as containing points of law or legal argument.

93. Denies being aware that BLMIS' IA Business was predicated on fraud and fraudulent transactions, that purported account activity of IA customers was inconsistent with legitimate trading activity and credible returns, or having committed or engaged in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 120 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

94.     Denies holding herself out as a professional investment adviser, being aware that the business conducted by BLMIS was a Ponzi scheme, or committing or engaging in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 121 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

95.     Denies being aware that the core of Cohmad's business was referring accounts to BLMIS, representing that she was in fact familiar with BLMIS' investment strategies or committing or engaging in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 122 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

96.     Denies being aware of fraudulent activity as to the Ponzi scheme, being charged with any responsibility for due diligence of BLMIS and its auditors, being aware that fictitious and backdated trading activity was being reported in the BLMIS Cohmad Family IA Accounts and that the BLMIS Cohmad Family IA Accounts reflected fictitious holdings or committing or engaging in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 123 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

97.     Denies being aware of irregularity and fraud at Cohmad or BLMIS, denies referring any BLMIS customer accounts, denies funneling money to BLMIS, denies receiving administrative fees and a share of profits of BLMIS, denies being intimately involved with Madoff or committing or engaging in any wrongdoing as a registered

representative and former employee of Cohmad and as to the remaining allegations of Paragraph 124 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

98.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 of the Complaint including those allegations concerning transfers which contain points of law or legal argument.

99.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126 of the Complaint including those allegations concerning customer property, transfers and the statutory references to federal law and the Bankruptcy Code, which contain points of law or legal argument.

100.  Denies referring anyone to a BLMIS Ponzi scheme, engaging in fraudulent conduct or committing or engaging in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 127 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations including those allegations concerning customer property and transfers which contain points of law or legal argument.

101.  Denies being aware of false and fraudulent payments of nonexistence profits or committing or engaging in any wrongdoing as a registered representative and former employee of Cohmad and as to the remaining allegations of Paragraph 128 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of those allegations including those allegations concerning transfers which contain points of law or legal argument.

102.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129 of the Complaint including those allegations concerning transfers and the statutory references to federal law, the Bankruptcy Code and New York State law which contain points of law or legal argument.

103.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of the Complaint including those allegations concerning transfers and the statutory references to federal law, the Bankruptcy Code and New York State law which contain points of law or legal argument.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of the Complaint including those allegations concerning transfers and the statutory references to federal law and the Bankruptcy Code which contain points of law or legal argument.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132 of the Complaint including those allegations concerning transfers and the statutory references to federal law and the Bankruptcy Code which contain points of law or legal argument.

106.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133 of the Complaint including those allegations concerning counts and pleading which contain points of law or legal argument.

107.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134 of the Complaint including those allegations concerning transfers which contain points of law or legal argument.

## AS TO COUNT ONE: TURNOVER AND ACCOUNTING

108.    To the extent applicable, repeats and incorporates by reference her answers to the foregoing allegations of the Complaint hereat.

109.    Denies the allegations of   Paragraphs 135-138 of the Complaint.


## AS TO COUNT TWO: PREFERENTIAL TRANSFERS

110.    To the extent applicable, repeats and incorporates by reference her answers to the foregoing allegations of the Complaint hereat with respect to Paragraph 139 of the Complaint.

111. Denies the allegations of Paragraphs 140-148 of the Complaint.


## AS TO COUNT THREE: FRAUDULENT TRANSFERS

112.    To the extent applicable, repeats and incorporates by reference her answers to the foregoing allegations of the Complaint hereat with respect to Paragraph 149 of the Complaint.

113.    Denies the allegations of Paragraphs 149-153 of the Complaint.


## AS TO COUNT FOUR: FRAUDULENT TRANSFER

114.    To the extent applicable, repeats and incorporates by reference her answers to the foregoing allegations of the Complaint hereat with respect to Paragraph 154 of the Complaint.

115.    Denies the allegations of Paragraphs 155-161 of the Complaint.

## AS TO COUNT FIVE: FRAUDULENT TRANSFER

116.    To the extent applicable, repeats and incorporates by reference her answers to the foregoing allegations of the Complaint hereat with respect to Paragraph 162 of the Complaint.

117.    Denies the allegations of Paragraphs 163-165 of the Complaint.

## AS TO COUNT SIX: FRAUDULENT TRANSFER

118.    To the extent applicable, repeats and incorporates by reference her answers to the foregoing allegations of the Complaint hereat with respect to Paragraph 166 of the Complaint.

119.    Denies the allegations of Paragraphs 167-170 of the Complaint.

## AS TO COUNT SEVEN: FRAUDULENT TRANSFERS

120. To the extent applicable, repeats and incorporates by reference her answers to the foregoing allegations of the Complaint hereat with respect to Paragraph 171 of the Complaint.

121.    Denies the allegations of Paragraphs 172-175 of the Complaint.

## AS TO COUNT EIGHT: FRAUDULENT TRANSFERS

122.    To the extent applicable, repeats and incorporates by reference her answers to the foregoing allegations of the Complaint hereat with respect to Paragraph 176 of the Complaint.

123.    Denies the allegations of Paragraphs 177-180 of the Complaint.

## AS TO COUNT NINE: UNDISCOVERED FRAUDULENT TRANSFERS

124.     To the extent applicable, repeats and incorporates by reference her answers to the foregoing allegations of the Complaint hereat with respect to Paragraph 181 of the Complaint.

125.     Denies the allegations of Paragraphs 182-185 of the Complaint.


## AS TO COUNT TEN: RECOVERY OF SUBSEQUENT TRANSFERS

126.     To the extent applicable, repeats and incorporates by reference her answers to the foregoing allegations of the Complaint hereat with respect to Paragraph 186 of the Complaint.

127.     Denies the allegations of Paragraphs 187-191 of the Complaint.


## AS TO COUNT ELEVEN: OBJECTION TO DEFENDANTS' SIPA CLAIM

128.     To the extent applicable, repeats and incorporates by reference her answers to the foregoing allegations of the Complaint hereat with respect to Paragraph 192 of the Complaint.

129.     Denies the allegations of Paragraphs 193-195 of the Complaint.


## FIRST AFFIRMATIVE DEFENSE

At all times pertinent to the Complaint, Defendant's compensation for her employee services was set and payable by her employer Cohmad and at no time did she receive any payments or distributions from BLMIS or Madoff.

## SECOND AFFIRMATIVE DEFENSE

Defendant never referred any prospective customer or investor to BLMIS or Madoff and thus did not participate in any alleged Ponzi scheme which is the central component of the allegations in the complaint.

## THIRD AFFIRMATIVE DEFENSE

Defendant never established any account with BLMIS or Madoff and thus did not participate in any alleged Ponzi scheme which is the central component of the allegations in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Defendant never made any representations about any alleged connection or lack of connection between or among Cohmad and BLMIS or Madoff in an attempt to induce any third party to open any account with BLMIS or Madoff and thus did not participate in any alleged Ponzi scheme which is the central component of the allegations in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendant never participated in any alleged fraudulent scheme or committed or engaged in any wrongdoing involving BLMIS or Madoff as a registered representative and former employee of Cohmad.

## SIXTH AFFIRMATIVE DEFENSE

Defendant never participated in any alleged fraudulent scheme or committed or engaged in any wrongdoing involving BLMIS or Madoff as a registered representative and former employee of Cohmad.

## SEVENTH AFFIRMATIVE DEFENSE

No claims are stated against Defendant since it cannot be shown that she conspired or intended to conspire or entered into an agreement with others including co-workers at Cohmad, or employees or officers of BLMIS or Madoff, the purpose of which was to effectuate a Ponzi scheme or engage in fraudulent conduct based in whole or in part on the referral of customers or clients to BLMIS or Madoff

## EIGHTH AFFIRMATIVE DEFENSE

No claims are stated against Defendant since she acted at all times pertinent to the complaint, until her recent resignation, as an employee and registered representative of Cohmad and at no time did she use Cohmad, in whole or in part, for the alleged purpose of furthering a BLMIS or Madoff Ponzi scheme.

Thus, any wrongful conduct attributed to defendant for the purpose of the Complaint is the result of the plaintiff's dragnet and inclusion of all registered representatives of Cohmad, even those having their own brokerage customers and customer accounts

## NINTH AFFIRMATIVE DEFENSE

Defendant was not personally aware of any signs of the fraud alleged in the Complaint.

Dated: New York, NY
      July 22, 2009

**MCLAUGHLIN & STERN, LLP**

By: _Bruce A. Langer_
    Bruce A. Langer
    David W. Sass
*Attorneys for Defendant*
*Linda Schoenheimer McCurdy*
260 Madison Avenue-18th Floor
New York, New York 10016
Telephone: (212) 448-1100
Facsimile: (212) 448-0066
Bruce A. Langer
Email: blanger@mclaughinstern.com
David W. Sass
Email: dsass@mclaughinstern.com