HOFFINGER STERN & ROSS, LLP
Jack S. Hoffinger (JH-1114)
Fran Hoffinger (FH-4850)
150 East 58th Street - Floor 19
New York, NY 10155
(212) 421-4000

Attorneys for the Joint Tenancy
of Phyllis Guenzburger and Fabian Guenzburger
and the Joint Tenancy of Robert Pinchou and
Fabian Guenzburger, Defendants.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re:                                                    X

BERNARD L. MADOFF INVESTMENT            :       SIPA LIQUIDATION
SECURITIES LLC,                                               No. 08-01789 (BRL)

                                                            :
            Debtor.                                                  (Substantively Consolidated)

_____        :

IRVING H. PICARD, Trustee for the              :
Liquidation of Bernard L. Madoff
Investment Securities LLC,                           :

            Plaintiff,                                      :

                  v.                                       :

                                                                   Adv. Pro. No. 09-1305 (BRL)
COHMAD SECURITIES CORPORATION,       :
*et al.,* and THE JOINT TENANCIES OF
PHYLLIS GUENZBURGER AND FABIAN       :
GUENZBURGER and ROBERT PINCHOU
AND FABIAN GUENZBURGER,                      :

                        Defendants.      :

_____X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
BY THE JOINT TENANCIES OF PHYLLIS GUENZBURGER AND
FABIAN GUENZBURGER AND OF ROBERT PINCHOU AND FABIAN
GUENZBURGER TO DISMISS THE COMPLAINT FOR IMPROPER SERVICE
AND LACK OF *IN PERSONAM* JURISDICTION PURSUANT TO
FED. R. CIV. P. 12(b)(2), (5) and (6), and 12(e)**

# TABLE OF AUTHORITIES

**Cases**            **Pages**

*Agency Rent a Car System, Inc. v. Grand Rent A Car Corp.,*
   98 F.3d 25 (2d Cir. 1996)...........................................................................5

*Credit Suisse Securities v. Hilliard,*
   469 F.Supp.2d 103 (S.D.N.Y. 2007, Cedarbaum, J.)...............................5

*De James v. Magnificence Carriers, et al.,*
   654 F.2d 280 (3d Cir. 1981)....................................................................4

**Statutes**

CPLR Sec. 302(a)(1)...................................................................................4

**Rules**

Fed. R. Civ. P. 4(f)(1)...................................................................................3

Fed. R. Civ. P. 4(f)(2)(C)..............................................................................3

Fed. R. Civ. P. 12(b)(2).................................................................................3

Fed. R. Civ. P. 12(b)(5).................................................................................3

Fed. R. Civ. P. 12(b)(6).................................................................................3

Fed. R. Civ. P. 12(e).....................................................................................3

## PRELIMINARY STATEMENT

Two joint tenancies - Phyllis Guenzburger and Fabian Guenzburger on the one hand and Robert Pinchou and Fabian Guenzburger on the other, located in Switzerland - have been sued by the Bankruptcy Trustee to "claw back" monies they purportedly received from Madoff's company (BLMIS). The suit fails for two critical reasons:

(a) service by mail from New York to Switzerland was improper under Fed. R. Civ. P. 4(f)(1) and 4(f)(2)(C), violated due process, and is void for all purposes; and

(b) the Complaint fails to establish *in personam* jurisdiction over the two Swiss entities.

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), (5), (6), and 12(e).

## ARGUMENT

I.    MAIL SERVICE ON THE SWISS JOINT TENANCIES WAS IMPROPER

The Swiss joint tenancies were served by air mail letters sent from New York to their respective Swiss addresses. *See* Plaintiff's Certificate of Service (Hoffinger Declaration, Ex. 1) and the Complaint, pars. 36 and 37, setting forth their Swiss residences.[1] Under Rules 4(f)(1) and 4(f)(2)(C) of the Federal Rules of Civil Procedure, a plaintiff in the United States may not serve an individual in a foreign country by mail if such service is prohibited by the foreign country's law. And Switzerland prohibits such service.

Article 10(a) of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (Chapter 1 of the Hague Convention) reads: "Provided the State of destination does not object, the present Convention shall not interfere

---

[1] ECF Docket Nos. 3 and 1, respectively.

with... the freedom to send judicial documents, by postal channels, directly to persons abroad..."

(emphasis supplied). *See* <u>De James v. Magnificence Carriers, et al.</u>, 654 F.2d 280, 288 (3d Cir.

1981) (discussing the multilateral treaty and its rationale).

Concerning Switzerland's objection to mail service from the United States, the U.S. State

Department website sets forth:

> Service of Process : Switzerland is a party to the Hague Convention on the
> Service Abroad of Judicial and Extra Judicial Documents in Civil and
> Commercial Matters. <u>The only method of service available for use in Switzerland
> is service by the designated Swiss Central Authority.</u> Switzerland made a formal
> declaration and reservation objecting to other methods of service. (emphasis
> supplied).

*See* Hoffinger Declaration, Ex. 2.

Service was not made by the Swiss Central Authority, as required. Plaintiff's mail

service on the Swiss defendants is void.[2]

## II. THE COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT *IN PERSONAM* JURISDICTION FOR THE TWO SWISS JOINT TENANCIES

The Complaint asserts jurisdiction by conclusorily stating that "the defendants have

intentionally taken advantage of the benefits of conducting transactions in the State of New York

and have subjected themselves to the jurisdiction of this Court." *See* Complaint, par. 119. In so

doing, the plaintiff relies on the conclusory language of Section 302 of New York's Civil

Practice Law and Rules (CPLR) - language which requires court interpretation.[3]

---

[2] According to the State Department website referred to, Switzerland also declared that documents to be served must be translated into German, French or Italian, depending on the part of Switzerland in which the document is to be served.

[3] CPLR Section 302(a)(1) declares that a court may exercise personal jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state."

4

The Second Circuit has made it crystal clear that *in personam* jurisdiction over a foreign resident depends on a variety of factors, a "totality of circumstances," no one of which is sufficient to establish *in personam* jurisdiction. <u>Agency Rent a Car System, Inc. v. Grand Rent A Car Corp.</u>, 98 F.3d 25, 29 (2d Cir. 1996); <u>Credit Suisse Securities v. Hilliard</u>, 469 F.Supp.2d 103, 108 (S.D.N.Y. 2007, Cedarbaum, J.)

Missing from the Complaint are those critical factors which the courts demand to consider the "totality of circumstances" necessary to determine whether *in personam* jurisdiction exists.

## CONCLUSION

Service by mail from New York was improper to begin with, and the Complaint fails to establish *in personam* jurisdiction in any event. It should be dismissed as to the two Swiss joint tenancies.

Dated: New York, New York
      August 26, 2009

HOFFINGER STERN & ROSS, LLP

By: _____
      Jack S. Hoffinger (JH-1114)
      150 East 58th Street - Floor 19
      New York, New York 10155
Tel:    (212) 421-4000
Fax:   (212) 223-2857

Attorneys for the Joint Tenancy
of Phyllis Guenzburger and Fabian Guenzburger
and the Joint Tenancy of Robert Pinchou and
Fabian Guenzburger, Defendants.