**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

| | |
|---|---|
| In re: | |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | SIPA LIQUIDATION<br>No. 08-01789 (BRL)<br><br>(Substantively Consolidated) |
| Debtor. | |

------------------------------------------------------------X

| | |
|---|---|
| IRVING H. PICARD, as Trustee for the Liquidation of BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Plaintiff, | Adv. Pro. No. 09-1305 (BRL) |
| v. | |
| COHMAD SECURITIES CORPORATION, *et al.* | |
| Defendants. | |

------------------------------------------------------------X

**APPEARANCES:**


ARKIN KAPLAN RICE LLP
590 Madison Avenue
New York, NY 10022
Telephone:  (212) 333-0200
Facsimile:   (212) 333-2350
<u>By:</u>   Stanley S. Arkin
         Howard J. Kaplan
         Michelle A. Rice
         Brent T. Sparks

*Attorneys for Defendants M/A/S Capital Corporation and Robert M. Jaffe*

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
By:   David J. Sheehan
      Oren J. Warshavsky
      Jacqlyn R. Rovine
      Dominic A. Gentile

*Attorneys for Plaintiff Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*


HINCKLEY & HEISENBERG LLP
501 Fifth Avenue, Suite 506
New York, NY 10017
Telephone: (212) 752-1161
Facsimile: (212) 656-1531
By:   Christopher C. Heisenberg

*Attorneys for Third Parties Turbo Investors LLC, James S. Herscot, Alan N. Horowitz and Chaban Investment Company, and White Mountain Sports, Inc. Profit Sharing Plan, NY*

Before: Hon. Burton R. Lifland
        United States Bankruptcy Judge

## **BENCH MEMORANDUM DECISION AND ORDER DENYING MOTION FOR AN ORDER ENFORCING THIS COURT'S SETTLEMENT ORDER OF DECEMBER 21, 2010, AND ENJOINING THE CONTINUED PROSECUTION OF THE THIRD PARTY ACTIONS**

Before this Court is Robert M. Jaffe ("Jaffe") and M/A/S Capital Corporation's (collectively, the "Jaffe Defendants") motion (the "Motion") seeking an order enforcing this Court's December 21, 2010 order (the "Settlement Order") approving the settlement agreement (the "Settlement") entered into on December 7, 2010 between the Trustee and the family of Carl J. Shapiro, and enjoining the prosecution of the actions brought by Turbo Investors LLC, James S. Herscot, Alan N. Horowitz and Chaban Investment Company, and White Mountain Sports, Inc. Profit Sharing Plan, NY (collectively, the "Third Party Actions"). Def. Robert M. Jaffe's Mem. of Law in Support of his Motion ("Jaffe's Motion") (Dkt. No. 185), p. 1. As the Trustee

2

subsequently entered into a stipulation dismissing the Jaffe Defendants <u>with prejudice</u> from the only adversary proceeding involving him before this Court and without including the requisite language in the stipulation, this Court lacks jurisdiction to adjudicate the instant Motion. Accordingly, based on the reasons set forth below and at oral argument, the Motion is hereby DENIED.

## BACKGROUND

On June 24, 2009, the Trustee filed an action against Cohmad Securities Corporation, and a number of individuals, including Jaffe, asserting claims for fraudulent transfers, preferences, turnover, and state law fraudulent conveyances. *Picard v. Cohmad Sec. Corp., et al.*, Adv. Pro. No. 09-1305 (BRL) (Bankr. S.D.N.Y. 2009) ("Trustee's Am. Compl.") (Dkt. No. 82). The Trustee alleged that the defendants, including the Jaffe Defendants, were part of a network of individuals and entities who were integral to Madoff's scheme because they (i) introduced new investors into BLMIS; and (ii) represented to potential investors that they "were personally familiar with the Madoff system" and "knew how it worked." Trustee's Am. Compl., ¶¶ 6, 66, 102. With regard to the Jaffe Defendants specifically, the Trustee focused on their role as transferees of funds in the Ponzi scheme, by pursuing recovery of those withdrawals through fraudulent conveyance and preference causes of actions. The Trustee alleged that Jaffe "had an arrangement with BLMIS where . . . [he was] entitled to withdraw from BLMIS more money than he put in." Trustee's Am. Compl., ¶ 84.

On December 21, 2010, this Court approved the Settlement between the Trustee and the family of Carl J. Shapiro, which includes Jaffe, who is Carl and Ruth Shapiro's son-in-law, to resolve the Trustee's potential claims against the Shapiro family. Under the terms of the Settlement, the Shapiro family agreed to pay the sum of $550 million in full and final settlement

of all claims that could have been asserted by the Trustee against the Shapiro family. Pursuant to the terms of the Settlement, $38 million of the total Settlement sum "shall be paid by or on behalf of Jaffe and M/A/S, representing the total amount the Trustee seeks from Jaffe and satisfying in full the [BLMIS] Trustee's claims against Jaffe and M/A/S in the Cohmad Adversary Proceedings…." Jaffe's Motion, Ex. D, ¶ 3.

On December 30, 2010 the Trustee and the Jaffe Defendants filed a Stipulation of Dismissal with Prejudice (the "Stipulation"), wherein the Parties stipulated, in relevant part, that the Trustee's amended complaint is dismissed, with prejudice, solely as against the Jaffe Defendants. Stipulation, (Dkt. No. 183), ¶¶ 1–3. On January 7, 2011, the Jaffe Defendants filed this Motion, asserting that the claims brought against them in the Third Party Actions are barred by a provision in the earlier Settlement, which states, in relevant part, that the Trustee releases the Jaffe Defendants from "any and all past, present and future claims or causes of action . . . and from any and all allegations of liability or damages . . . known or unknown, that are, have been, could have been, or might in the future be asserted by the Trustee." Jaffe's Motion, Ex. D, ¶ 5.

On January 21, 2011, the Trustee filed an opposition to the Motion arguing, *inter alia*, that the Jaffe Defendants are no longer defendants in the *Cohmad* adversary proceeding, have no personal stake in the litigation, and consequently lack standing to invoke this Court's jurisdiction. Trustee's Opposition to Robert M. Jaffe's Motion ("Trustee's Opp. Br.") (Dkt. No. 187), pp. 1, 2.

**DISCUSSION**

It is well established under *Kokkonen v. Guardian Life Ins. Co*, 511 U.S. 375 (1994), and its progeny that

> a federal court has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement. Absent some action making a settlement agreement part of a dismissal order or some other, independent basis for jurisdiction, enforcement of a settlement agreement is for state courts.

*Scelsa v. City University of New York*, 76 F.3d 37, 40 (2d Cir. 1996); *see, e.g., Daewoo Logistics Corp. v. Barwil Zaatarah Agencies Ltd.*, Nos. 07-CIV-10725 (JSR), 09-BK-15558 (BRL), 2010 WL 3468982 (S.D.N.Y. Aug. 24, 2010*); Dover Ltd. v. A.B. Watley, Inc.,* No. 04-CIV-7366 (FM), 2007 WL 4358460 (S.D.N.Y. Dec. 17, 2007); *Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004). Here, although the Settlement contains an exclusive jurisdiction clause,[1] the Stipulation, by its plain terms, neither states that this Court retains jurisdiction over any aspect of the Settlement nor incorporates any of the Settlement's terms. Tellingly, in *Scelsa*, the Second Circuit found that even though the dismissal order referenced the settlement agreement, "the mere reference in the order to the agreement does not incorporate the agreement into the order" and "could not have meant that the court would retain jurisdiction over the entire agreement." 76 F.3d at 41 (2d Cir. 1996); *see also Depuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007) (ruling "that when a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction"). Here, because the Stipulation fails to even reference the Settlement in the operative paragraphs, a fact that counsel for the Jaffe Defendants

---

[1] The exclusive jurisdiction clause in the Settlement states that "any action for breach or enforcement of this [Settlement] may be brought only in the Bankruptcy Court. No Party shall bring, institute, prosecute or maintain any action pertaining to the enforcement of any provision of this [Settlement] in any court other than the Bankruptcy Court." Jaffe's Motion, Ex. D, ¶ 24.

5

admitted in oral argument, there seems little doubt that this Court would therefore likewise lose jurisdiction over the Settlement. *See Kokkonen*, 511 U.S. at 377 (finding that "[t]he Stipulation and Order [of dismissal] did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, *it did not so much as refer to the settlement agreement*") (emphasis added).[2] The Stipulation on which the Jaffe Defendants rely merely states that this Court "shall retain jurisdiction with respect to the adjudication of any matter or dispute *pertaining to this Stipulation*." Stipulation, ¶ 3 (emphasis added). Given that the Motion does not invoke the terms of the Stipulation, but rather the terms of the Settlement, which is a separate, so-ordered document, this Court lacks jurisdiction to decide the Motion. Indeed, to find otherwise would create "the paradox of a court's at once relinquishing jurisdiction by dismissing a suit with prejudice and retaining jurisdiction." *Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006).

Notwithstanding the foregoing, even if this Court were to address the merits of the instant Motion, a section 105 injunction would be inappropriate, as the Trustee has recovered all customer property of the BLMIS estate from the Jaffe Defendants, leaving nothing for this Court to administer. It is undisputed that the Trustee's claims against Jaffe were limited to the recovery of all funds transferred from BLMIS to Jaffe. Upon execution of the Settlement, any and all claims that the Trustee had against Jaffe were discharged. To that end, the Trustee asserts that he has recovered all customer property from the Jaffe Defendants for the benefit of the BLMIS estate, and thus "[n]one of the judgments obtained by Third Party Plaintiffs will have any effect on the BLMIS SIPA Liquidation." Trustee Opp. Br., p. 1. Accordingly, based on facts extant, there is no basis for a section 105 injunction.

---

[2] The court reasoned that "[e]nforcement of the settlement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 377.

In conclusion, no further action may be taken by this Court to enforce its Settlement Order with regard to the Jaffe Defendants. All terms and conditions relating thereto have been fully satisfied. The Motion is accordingly DENIED.

**IT IS SO ORDERED.**

Dated: New York, New York                 /s/ Burton R. Lifland
       February 3, 2011                        United States Bankruptcy Judge