HOFFINGER STERN & ROSS, LLP
Jack S. Hoffinger (JH-1114)
Fran Hoffinger (FH-4850)

150 East 58th Street - Floor 19
New York, NY 10155
(212) 421-4000

Attorneys for Defendants Cyril Jalon and
the Estate of Elena Jalon

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | X |

| | | | |
|---|---|---|---|
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | : | SIPA LIQUIDATION No. 08-01789 (BRL) | |
| | : | | |
| Debtor. | | (Substantively Consolidated) | |
| | : | | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | : | | |
| Plaintiff, | : | | |
| v. | : | Adv. Pro. No. 09-1305 (BRL) | |
| COHMAD SECURITIES CORPORATION, ETC., and CYRIL JALON AND THE ESTATE OF ELENA JALON, | : : | | |
| Defendants. | : X | | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, CYRIL JALON ("Jalon") AND THE ESTATE OF ELENA JALON ("the

Estate"), by their attorneys, Hoffinger Stern & Ross LLP, as and for their Answer to the First

1

Amended Complaint dated October 8, 2009 ("First Amended Complaint") of Plaintiff, IRVING

PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC

("Trustee") state as follows:

1. Deny the allegations contained in paragraph 1.

2. The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 except denies any involvement or knowledge of the Ponzi scheme.  Jalon denies the allegations contained in paragraph 2.

3. The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.  Jalon denies the allegations contained in paragraph 3.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, except deny that the Defendants had any relationship with Madoff, that they were part of his inner circle and that they had any "unique access."

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, except Jalon denies the allegations in the first sentence of paragraph 6 to the extent they relate to him.

7. Neither admit nor deny the allegations contained in paragraph 7, as the allegations call for a legal conclusion to which no response is necessary.

8. Neither admit nor deny the allegations contained in paragraph 8, as the allegations call for a legal conclusion to which no response is necessary.

9. Neither admit nor deny the allegations contained in paragraph 9, as the

allegations call for a legal conclusion to which no response is necessary.

10. Neither admit nor deny the allegations contained in paragraph 10, as the allegations call for a legal conclusion to which no response is necessary.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Admit the allegations contained in paragraph 18.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 21.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     Jalon denies the allegations contained in paragraph 23 and the Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, except Jalon denies in so far as the allegations refer to him.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, except Jalon denies the allegations contained in the first sentence of paragraph 25.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 31.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38.     Admit the allegations contained in paragraph 38.

39.     The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 but denies there were account transfers between the Estate and the Guenzberger Tenancy.  Jalon denies the allegations contained in paragraph 39 relating to account transfers between the Estate and the Guenzburger Tenancy, but admits that the Guenzberger Tenancy had a BLMIS account and an address in Switzerland.

40.     The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 but denies there were account transfers between the Estate and the Pinchou Tenancy.  Jalon denies the allegations contained in paragraph 40 relating to account transfers between the Estate and the Pinchou Tenancy, but

admits the Pinchou Tenancy had a BLMIS account and an address in Switzerland.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.     Deny the allegations contained in paragraph 42.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and refer the Court to the minutes of the plea hearing of Bernard Madoff ("Madoff") from March 12, 2009 in <u>United States v. Madoff</u>, Case No. 09-CR-213 (DC) ("the Plea Hearing").

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.     Deny the allegations contained in paragraph 49.

50.     Deny the allegations contained in the first sentence of paragraph 50 as to the Defendants and deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained in paragraph 50.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 51.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57, except admit that the Estate is a victim and the allegations regarding Madoff's "appearance of prestige and exclusivity."

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58, except Jalon denies the allegations contained in paragraph 58 insofar as they relate to him.

59.     Jalon denies the allegations contained in the first sentence of paragraph 59 insofar as they relate to him, and denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained in paragraph 59.  The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 60.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66, except admit that the Estate received statements from BLMIS regarding its account.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 and refer the Court to the minutes of the Plea Hearing.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, except admit that the Estate received statements from BLMIS regarding its account.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 except Jalon denies the allegations contained in the first sentence.

70.     The Estate denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 70. Jalon denies the allegations contained in paragraph 70.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 except admit that the Estate is a victim that received statements from BLMIS.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74.

75.     The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75. Jalon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences, denies the remaining allegations contained in paragraph 75 insofar as they relate to him but admits that he did not receive any benefit from commissions to Cohmad from BLMIS once his customers withdrew all funds they had deposited with BLMIS.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.     Jalon denies the allegations contained in paragraph 81. The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

89.     Jalon denies the allegations contained in paragraph 89 to the extent they refer to him but denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations.  The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91.

92.     Jalon denies the allegations contained in the first sentence of paragraph 92 and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 except Jalon refers the Court to the document described in paragraph 94(h) for an accurate statement of what it shows.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99, except Jalon denies the allegations contained in the first sentence.

100.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 except Jalon admits that a letter which appears to be addressed to him is included in Exhibit 10.

101.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101.

102.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 except Jalon denies (1) knowledge of the BLMIS Ponzi scheme, (2) engaging in fraud and (3) all allegations to the extent they relate to him.

103.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 except Jalon denies having provided customers with information about fictitious profits.

104.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104.

105.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105.

106.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106.

107.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 108.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 except Jalon denies the allegations contained in the first sentence and admits he had a desk at Cohmad's offices on the 18th floor at 885 Third Avenue.

113.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 except Jalon admits Cohmad had offices on the 18th floor.

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 except Jalon admits he did not have access to the 17th floor.

116.    Jalon denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 116 and denies the remaining allegations in that paragraph.  The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the

13

allegations contained in paragraph 117.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125.

126.    Deny the allegations contained in paragraph 126.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127, except admit that the Estate had an account with BLMIS and that during her lifetime, Elena Jalon executed certain documents with respect to that account, and Jalon denies that he had an account with BLMIS during the relevant time period.

128.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128, except admit that during her lifetime, funds were deposited into Elena Jalon's BLMIS account.

129.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129, except admit that funds were deposited into Elena Jalon's BLMIS account.

130.     Deny the allegations contained in paragraph 130.

131.     Jalon denies the allegations contained in paragraph 131.  The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 except denies the allegations contained in the first sentence insofar as they relate to the Estate.

132.     Jalon denies the allegations contained in paragraph 132 except admits that he was unaware of the Ponzi scheme.  The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132.

133.     Deny the allegations contained in paragraph 133.

134.     Deny the allegations contained in paragraph 134.

135.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135.

136.     Deny the allegations contained in paragraph 136 which are moot because the Trustee has withdrawn the First Cause of Action for Turnover.

137.     The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137.  Jalon denies the allegations contained in paragraph 137.

138.     Deny the allegations contained in paragraph 138.

139.     Deny the allegations contained in paragraph 139.

140.     Deny the allegations contained in paragraph 140.

141.     Deny the allegations contained in paragraph 141.

142.     Deny the allegations contained in paragraph 142.

143.     Neither admit nor deny the allegations contained in paragraph 143, as the allegations call for a legal conclusion to which no response is necessary.

144.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144.

145-148.     As this cause of action has been withdrawn by the Trustee, no response to these paragraphs is necessary.

149.     Repeat and reallege the responses contained in paragraphs 1 through 148 as if fully set forth herein.

150.     Deny the allegations contained in paragraph 150.

151.     Deny the allegations contained in paragraph 151.

152.     Deny the allegations contained in paragraph 152.

153.     Deny the allegations contained in paragraph 153.

154.     Repeat and reallege the responses contained in paragraphs 1 through 153 as if fully set forth herein.

155.     Deny the allegations contained in paragraph 155.

156.     Deny the allegations contained in paragraph 156.

157.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159.

160.    Deny the allegations contained in paragraph 160.

161.    Deny the allegations contained in paragraph 161.

162.    Repeat and reallege the responses contained in paragraphs 1 through 161 above as if fully set forth herein.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163.

164.    Deny the allegations contained in paragraph 164.

165.    Deny the allegations contained in paragraph 165.

166.    Repeat and reallege the responses contained in paragraphs 1 through 165 above as if fully set forth herein.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167.

168.    Deny the allegations contained in paragraph 168.

169.    Deny the allegations contained in paragraph 169.

170.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170.

171.    Deny the allegations contained in paragraph 171.

172.    Repeat and reallege the responses contained in paragraphs 1 through 171 above as if fully set forth herein.

173.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173.

174.     Deny the allegations contained in paragraph 174.

175.     Deny the allegations contained in paragraph 175.

176.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176.

177.     Deny the allegations contained in paragraph 177.

178.     Repeat and reallege the responses contained in paragraphs 1 through 177 above as if fully set forth herein.

179.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 179 except admits the Estate is a creditor with claims against BLMIS.

180.     Deny the allegations contained in paragraph 180.

181.     Deny the allegations contained in paragraph 181.

182.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182.

183.     Deny the allegations contained in paragraph 183.

184.     Repeat and reallege the responses contained in paragraphs 1through 183 above as if fully set forth herein.

185.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185.

186.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 186 but admits the Estate is a creditor with claims against

BLMIS.

187.     Deny the allegations contained in paragraph 187.

188.     Deny the allegations contained in paragraph 188.

189.     Repeat and reallege the responses contained in paragraphs 1 through 188 above as if fully set forth herein.

190.     Deny the allegations contained in paragraph 190.

191.     Jalon denies the allegations contained in paragraph 191.  The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191.

192.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192.

193.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193, but Jalon denies the allegations in paragraph 193 insofar as they relate to him.

194.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 but Jalon denies the allegations in paragraph 194 insofar as they relate to him.

195.     Jalon denies the allegations contained in paragraph 195.  The Estate denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195.

196.     Repeat and reallege the responses contained in paragraphs 1through 195 above as if fully set forth herein.

197.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 197; the defendants did not file a SIPA claim.

198.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198; the defendants did not file a SIPA claim.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 199; the defendants did not file a SIPA claim.

200.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200; the defendants did not file a SIPA claim.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for which relief is warranted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to comply with the law requiring specificity and violates constitutional mandates of due process and fair notice.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent the Amended Complaint relies on the New York Debtor and Creditor Law, it fails to comply with that law's requirement regarding fraudulent transfers.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Defendants gave fair consideration and value for any alleged transfers at issue.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

As to the Estate, what it allegedly received was not more than the value of what was invested with the debtor.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The transfers alleged in the Complaint were not fraudulent transfers.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

As to Defendant Jalon, the Trustee's claims are barred because any moneys allegedly earned by Jalon were based on valid consideration.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The Defendants acted in good faith.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The claims asserted by the Trustee against the Estate belong in arbitration, not in this Court.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Trustee's claims and causes of action are barred by the doctrines of unclean hands and *in pari delicto*.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

The Trustee lacks standing to bring the claims and causes of action contained in the Complaint.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the claims and causes of action asserted by the Trustee.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims and causes of action against the Defendants are time barred, in whole or in part.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Trustee's "Net Investment Method" for "clawback" demands, if applicable, should be adjusted to account for inflation, interest and other relevant factors.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable in this

adversary proceeding pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure, the

Defendants request a trial by jury as to all issues so triable.


WHEREFORE, the Defendants respectfully request a dismissal of the First Amended

Complaint, together with such other and further relief as this Court deems just and proper.


Dated:          New York, New York
                September 19, 2011


                              HOFFINGER STERN & ROSS, LLP
                              *Attorneys for Cyril Jalon and the Estate of*
                              *Elena Jalon, Defendants*


                    By:   **/s/ Jack S. Hoffinger**
                              150 East 58th Street - Floor 19
                              New York, New York 10155
                    Tel:  212-421-4000
                    Fax:  212-223-3857