KATSKY KORINS LLP
David L. Katsky, Esq.
dkatsky@katskykorins.com
Robert A. Abrams, Esq.
rabrams@katskykorins.com
605 Third Avenue
New York, New York  10158
Telephone: (212) 953-6000
Facsimile:   (212) 953-6899

*Attorneys for Richard Spring, The Spring Family
Trust, and The Jeanne T. Spring Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

BERNARD L. MADOFF INVESTMENT                    SIPA LIQUIDATION
SECURITIES LLC,
                           Debtor.                              Adv. Pro. No. 08-01789 (BRL)


------------------------------------------------------------x
IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

                           Plaintiff,                           Adv. Pro. No. 09-01305 (BRL)

                           v.

COHMAD SECURITIES CORPORATION, *et al.,*

                           Defendants.
------------------------------------------------------------x


<u>**SPRING DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO FIRST AMENDED COMPLAINT**</u>

        Defendants Richard Spring, The Spring Family Trust, and The Jeanne T. Spring Trust

(the "Spring Defendants"), by their attorneys, Katsky Korins LLP, for their answer to the First

Amended Complaint, dated October 8, 2009 (the "First Amended Complaint") of Irving H.

Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("Plaintiff" or "Trustee"), state as follows:

## Summary of the Action

1.     Neither admit nor deny the allegations set forth in paragraph 1 of the First Amended Complaint as such allegations constitute a legal conclusion for which no response is necessary.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the First Amended Complain, and deny the truth of all such allegations as to the Spring Defendants.

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

5.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

## Jurisdiction and Venue

7.      Neither admit nor deny the allegations contained in paragraph 7 of the First Amended Complaint as such allegations constitute a legal conclusion for which no response is necessary.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the First Amended Complaint.

9.      Deny the allegations contained in paragraph 9 of the First Amended Complaint and do not consent to the entry of a final order or judgment against them by this Court.

10.      Neither admit nor deny the allegations contained in paragraph 10 of the First Amended Complaint as such allegations constitute a legal conclusion for which no response is necessary.

## Cohmad and Its Registered Representatives

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the First Amended Complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the First Amended Complaint.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the First Amended Complaint.

14.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the First Amended Complaint.

15.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the First Amended Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the First Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the First Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the First Amended Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the First Amended Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the First Amended Complaint.

21.     Admit the allegations contained in paragraph 21 of the First Amended Complaint, except deny that Spring is now registered as an agent of Cohmad with CRD number 432604.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the First Amended Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the First Amended Complaint, and admit that Spring maintained an account at BLMIS.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

## **Other Defendants**

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the First Amended Complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the First Amended Complaint.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the First Amended Complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the First Amended Complaint.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the First Amended Complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the First Amended Complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the First Amended Complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the First Amended Complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the First Amended Complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the First Amended Complaint.

36.    Admit the allegations contained in paragraph 36 of the First Amended Complaint.

37.    Admit the allegations contained in paragraph 37 of the First Amended Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the First Amended Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the First Amended Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the First Amended Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the First Amended Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

### The Fraudulent Ponzi Scheme and Cohmad's Participation

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the First Amended Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the First Amended Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the First Amended Complaint, and respectfully refer the Court to the minutes of the plea hearing of Bernard Madoff from March 17, 2004 in United States v. Madoff, Case No. 09-CR-213 (DC) (the "Plea Hearing").

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the First Amended Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the First Amended Complaint.

## Personal Relationships Among The Madoffs and Cohmad Defendants

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the First Amended Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the First Amended Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the First Amended Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the First Amended Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the First Amended Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the First Amended Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the First Amended Complaint.

## The Relationship Between BLMIS and Cohmad's Customer Referrals and Commissions

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the First Amended Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the First Amended Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the First Amended Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the First Amended Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the First Amended Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the First Amended Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the First Amended Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the First Amended Complaint.

## Commissions Were Based On The Net Cash Value Of Customer Accounts

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the First Amended Complaint, admit that the Spring

Defendants received statements from BLMIS concerning accounts in their respective names, and deny the truth of all allegations not admitted as to the Spring Defendants.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the First Amended Complaint and respectfully refer the Court to the minutes of the Plea Hearing.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the First Amended Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the First Amended Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the First Amended Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the First Amended Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the First Amended Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the First Amended Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the First Amended Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the First Amended Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the First Amended Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the First Amended Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the First Amended Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the First Amended Complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the First Amended Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the First Amended Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the First Amended Complaint.

## The Intertwined Public Relationship

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the First Amended Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the First Amended Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the First Amended Complaint, and, with respect to the "opening form" referenced in paragraph 94(e), respectfully refers the Court to the document itself for an accurate statement of what it purports to show.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the First Amended Complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the First Amended Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the First Amended Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the First Amended Complaint.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the First Amended Complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the First Amended Complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the First Amended Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the First Amended Complaint.

110.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the First Amended Complaint.

111.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the First Amended Complaint.

112.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the First Amended Complaint.

113.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the First Amended Complaint.

114.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the First Amended Complaint.

115.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the First Amended Complaint.

116.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

### The Curious Case of Sonja Kohn

117.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the First Amended Complaint.

118.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the First Amended Complaint.

119.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the First Amended Complaint.

120.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the First Amended Complaint.

121.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the First Amended Complaint.

122.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the First Amended Complaint.

123.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the First Amended Complaint.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the First Amended Complaint.

## The Massachusetts Action Against Cohmad

125.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the First Amended Complaint.

## The Defendants Knew Or Should Have Known About The Ponzi Scheme

126.     Deny the truth of the allegations set forth in paragraph 126 of the First Amended Complaint.

127.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 of the First Amended Complaint, and admit that one or more of the Spring Defendants maintained an account with BLMIS.

128.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the First Amended Complaint, and deny the truth of all such allegations as to the Spring Defendants.

136.    Deny the truth of the allegations set forth in paragraph 136 of the First Amended Complaint.

137.     Deny the truth of the allegations set forth in paragraph 137 of the First Amended Complaint.

138.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138 of the First Amended Complaint, and deny the truth of all such allegations as to Spring.

139.     Deny the truth of the allegations set forth in paragraph 139 of the First Amended Complaint.

140.     Deny the truth of the allegations set forth in paragraph 140 of the First Amended Complaint.

141.     Deny the truth of the allegations set forth in paragraph 141 of the First Amended Complaint.

142.     Deny the truth of the allegations set forth in paragraph 142 of the First Amended Complaint.

143.     Neither admit nor deny the allegations set forth in paragraph 143 of the First Amended Complaint as such allegations constitute a legal conclusion for which no response is necessary.

144.     Deny the truth of the allegations set forth in paragraph 144 of the First Amended Complaint.

## COUNT ONE
## TURNOVER AND ACCOUNTING – 11 U.S.C. § 542

145.     Incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

146.     Deny the truth of the allegations set forth in paragraph 146 of the First Amended Complaint.

147.     Deny the truth of the allegations set forth in paragraph 147 of the First Amended Complaint.

148.     Deny the truth of the allegations set forth in paragraph 148 of the First Amended Complaint.

## COUNT TWO
## FRAUDULENT TRANSFERS – 11 U.S.C. §§ 548(a)(1)(A), 550 AND 551

149.     Incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

150.     Deny the truth of the allegations set forth in paragraph 150 of the First Amended Complaint.

151.     Deny the truth of the allegations set forth in paragraph 151 of the First Amended Complaint.

152.     Deny the truth of the allegations set forth in paragraph 152 of the First Amended Complaint.

153.     Deny the truth of the allegations set forth in paragraph 153 of the First Amended Complaint.

## COUNT THREE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550 AND 551

154.     Incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

155.     Deny the truth of the allegations set forth in paragraph 155 of the First Amended Complaint.

156.     Deny the truth of the allegations set forth in paragraph 156 of the First Amended Complaint.

157.     Deny the truth of the allegations set forth in paragraph 157 of the First Amended Complaint.

158.     Deny the truth of the allegations set forth in paragraph 158 of the First Amended Complaint.

159.     Deny the truth of the allegations set forth in paragraph 159 of the First Amended Complaint.

160.     Deny the truth of the allegations set forth in paragraph 160 of the First Amended Complaint.

161.     Deny the truth of the allegations set forth in paragraph 161 of the First Amended Complaint.

**COUNT FOUR**
**FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 276-a, 278, AND/OR 279, AND 11 U.S.C. §§ 544, 550(a) AND 551**

162.     To the extent applicable, incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

163.     Deny the truth of the allegations set forth in paragraph 163 of the First Amended Complaint.

164.     Deny the truth of the allegations set forth in paragraph 164 of the First Amended Complaint.

165.     Deny the truth of the allegations set forth in paragraph 165 of the First Amended Complaint.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273 AND 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), 551 AND 1107

166.    Incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

167.    Deny the truth of the allegations set forth in paragraph 167 of the First Amended Complaint.

168.    Deny the truth of the allegations set forth in paragraph 168 of the First Amended Complaint.

169.    Deny the truth of the allegations set forth in paragraph 169 of the First Amended Complaint.

170.    Deny the truth of the allegations set forth in paragraph 170 of the First Amended Complaint.

171.    Deny the truth of the allegations set forth in paragraph 171 of the First Amended Complaint.

## COUNT SIX
## FRAUDULENT TRANSFERS – NEW YORK DEBTOR AND CREDITOR LAW §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(A), 551 AND 1107

172.    To the extent applicable, incorporate by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

173.    Deny the truth of the allegations set forth in paragraph 173 of the First Amended Complaint.

174.    Deny the truth of the allegations set forth in paragraph 174 of the First Amended Complaint.

175.    Deny the truth of the allegations set forth in paragraph 175 of the First Amended Complaint.

176.    Deny the truth of the allegations set forth in paragraph 176 of the First Amended Complaint.

177.    Deny the truth of the allegations set forth in paragraph 177 of the First Amended Complaint.

## COUNT SEVEN
## FRAUDULENT TRANSFERS – NEW YORK DEBTOR AND CREDITOR LAW §§ 275, 278, AND/OR 279, AND 11 U.S.C. §§ 544, 550(A), AND 551

178.    To the extent applicable, incorporate by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

179.    Deny the truth of the allegations set forth in paragraph 179 of the First Amended Complaint.

180.    Deny the truth of the allegations set forth in paragraph 180 of the First Amended Complaint.

181.    Deny the truth of the allegations set forth in paragraph 181 of the First Amended Complaint.

182.    Deny the truth of the allegations set forth in paragraph 182 of the First Amended Complaint.

183.    Deny the truth of the allegations set forth in paragraph 183 of the First Amended Complaint.

## COUNT EIGHT
## UNDISCOVERED FRAUDULENT TRANSFERS – NEW YORK CIVIL PROCEDURE LAWS AND RULES 203(g) AND NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 276-a, 278 AND/OR 279 AND 11 U.S.C. §§ 544, 550(a), AND 551

184.     To the extent applicable, incorporate by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

185.     Deny the truth of the allegations set forth in paragraph 185 of the First Amended Complaint.

186.     Deny the truth of the allegations set forth in paragraph 186 of the First Amended Complaint.

187.     Deny the truth of the allegations set forth in paragraph 187 of the First Amended Complaint.

188.     Deny the truth of the allegations set forth in paragraph 188 of the First Amended Complaint.

## COUNT NINE
## RECOVERY OF SUBSEQUENT TRANSFERS - NEW YORK DEBTOR AND CREDITOR LAW § 278 AND 11 U.S.C. §§ 544, 547, 548, 550(a) AND 551

189.     To the extent applicable, incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

190.     Deny the truth of the allegations set forth in paragraph 190 of the First Amended Complaint.

191.     Deny the truth of the allegations set forth in paragraph 191 of the First Amended Complaint.

192.     Deny the truth of the allegations set forth in paragraph 192 of the First Amended Complaint.

193.     Deny the truth of the allegations set forth in paragraph 193 of the First Amended Complaint.

194.     Deny the truth of the allegations set forth in paragraph 194 of the First Amended Complaint.

195.     Deny the truth of the allegations set forth in paragraph 195 of the First Amended Complaint.

**COUNT TEN**
**OBJECTION TO DEFENDANTS' SIPA CLAIMS**

196.     Incorporates by reference the above-stated answers to the previous paragraphs as if fully set forth herein.

197.     Deny knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 197 of the First Amended Complaint.

198.     Deny knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 198 of the First Amended Complaint.

199.     Deny knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 199 of the First Amended Complaint.

200.      Deny knowledge or information sufficient to admit or deny the truth of the allegations set forth in paragraph 200 of the First Amended Complaint.

**AFFIRMATIVE DEFENSES**

201.     The Spring Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of their investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters as "defenses," the Spring Defendants do not suggest either that Plaintiff does not bear the

burden of proof as to such matters or that such matters are not elements that Plaintiff must establish in order to make out a prima facie case against each Spring Defendant.

202.     The Spring Defendants ask leave of this Court to amend their Answer upon ascertainment of additional facts, if any, presenting additional defenses.

### First Affirmative Defense

203.     The First Amended Complaint is barred, in whole and/or in part, because Plaintiff fails to state a claim against the Spring Defendants upon which relief can be granted.

### Second Affirmative Defense

204.     The First Amended Complaint is barred, in whole and/or in part, because Plaintiff lacks standing and/or capacity to bring any claims against the Spring Defendants.

### Third Affirmative Defense

205.     The First Amended Complaint is barred, in whole and/or in part, because the causes of action alleged in the First Amended Complaint are brought against the Spring Defendants in excess of time permitted by law and therefore are barred by the applicable statute of limitations.

### Fourth Affirmative Defense

206.      The First Amended Complaint is barred, in whole and/or in part, because no alleged transfers received by the Spring Defendants from BLMIS enabled any of them to receive more than they would have received (a) under chapter 7 of the Bankruptcy Code, (b) if such transfers had not been made, and/or (c) if they had received such transfers to the extent provided by the Bankruptcy Code, within the meaning of 11 U.S.C. § 547(b)(5).

## Fifth Affirmative Defense

207.    The First Amended Complaint is barred, in whole and/or in part, to the extent that any and all alleged transfers were intended by BLMIS and the Spring Defendants to be contemporaneous exchanges of new value given to BLMIS, and were in fact a substantially contemporaneous exchange of new value, within the meaning of 11 U.S.C. § 547(c)(1).

## Sixth Affirmative Defense

208.    The First Amended Complaint is barred, in whole and/or in part, because any and all alleged transfers were (i) in payment of a debt incurred by BLMIS in the ordinary course of business or financial affairs of BLMIS; (ii) made in the ordinary course of business or financial affairs of BLMIS and the Spring Defendants; and/or (iii) made according to ordinary business terms, within the meaning of 11 U.S.C. § 547(c)(2).

## Seventh Affirmative Defense

209.    The First Amended Complaint is barred, in whole and/or in part, because subsequent to the Spring Defendants' receipt of any and all alleged transfers (i) the Spring Defendants intended to, and gave, new value to or for the benefit of BLMIS; (ii) the new value advanced was not secured by an otherwise unavoidable security interest and/or (iii) BLMIS, on account of the subsequent new value, did not make an otherwise unavoidable transfer to or for the benefit of the Spring Defendants, within the meaning of 11 U.S.C. § 547(c)(4).

## Eighth Affirmative Defense

210.    The First Amended Complaint is barred, in whole and/or in part, because any and all alleged transfers received by the Spring Defendants were taken for value and in good faith, within the meaning of 11 U.S.C. § 548(c).

### Ninth Affirmative Defense

211.   The First Amended Complaint is barred, in whole and/or in part, because the Spring Defendants had no actual or constructive knowledge of the alleged Ponzi scheme involving BLMIS and, even with the exercise of due diligence, could not have obtained such knowledge.

### Tenth Affirmative Defense

212.   The First Amended Complaint is barred, in whole and/or in part, because the Spring Defendants justifiably relied on the activities of governmental and regulatory bodies, such as the Securities and Exchange Commission, to monitor and oversee the activities of BLMIS.

### Eleventh Affirmative Defense

213.    The First Amended Complaint is barred, in whole and/or in part, because any and all alleged transfers received by the Spring Defendants were taken for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of any transfer, within the meaning of 11 U.S.C. § 550(b)(1) and (2).

### Twelfth Affirmative Defense

214.   The First Amended Complaint is barred, in whole and/or in part, because the alleged transfers received by the Spring Defendants were for fair consideration, without actual fraudulent intent and without the knowledge of Madoff's fraud, within the meaning of Sections 272 and 278(1) and (2) of the New York Debtor and Creditor Law.

### Thirteenth Affirmative Defense

215.    The First Amended Complaint is barred, in whole and/or in part, because no alleged transfers received by the Spring Defendants were taken for the benefit of the Spring Defendants in furtherance of a fraudulent investment scheme.

## Fourteenth Affirmative Defense

216.     The First Amended Complaint is barred, in whole or in part, to the extent transfers made to the Spring Defendants constituted margin payments or settlement payments made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, or that were transfers made by or to (or for the benefit of) a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency in connection with a securities contract, commodity contract or forward contract made before the commencement of the case, within the meaning of 11 U.S.C. § 546(e).

## Fifteenth Affirmative Defense

217.     All Counts of the First Amended Complaint alleging fraudulent transfer claims based on Bankruptcy Code Section 548, and based on Bankruptcy Code Section 544 and applicable non-bankruptcy law, are barred because Plaintiff cannot rely on such statutes to sue the Spring Defendants, which are parties that BLMIS sought to hinder, delay and defraud.

## Sixteenth Affirmative Defense

218.     The First Amended Complaint is barred, in whole and/or in part, based on the doctrine of *in pari delicto* because, among other things, the acts of Plaintiff's predecessors, agents, and representatives (including Madoff and BLMIS) are imputed to Plaintiff.

## Seventeenth Affirmative Defense

219.     The First Amended Complaint is barred, in whole and/or in part, based on the doctrines of laches, estoppel and/or waiver.

## Eighteenth Affirmative Defense

220.   The First Amended Complaint is barred, in whole and/or in part, as a result of BLMIS's unclean hands.

## Nineteenth Affirmative Defense

221.   The First Amended Complaint is barred, in whole and/or in part, to the extent the transfers at issue and the money received by the Spring Defendants satisfied an antecedent debt which Plaintiff may not avoid and with respect to which Plaintiff may not recover.

## Twentieth Affirmative Defense

222.   The First Amended Complaint is barred, in whole and/or in part, to the extent it the claims alleged therein are unripe due to Plaintiff's failure to demonstrate the necessary conditions set forth in 15 U.S.C. § 78fff-2(c)(3), and/or are untimely.

## Twenty-First Affirmative Defense

223.   The First Amended Complaint is barred, in whole and/or in part, because BLMIS never had a legal interest in the allegedly transferred funds and/or any and all such funds were held by BLMIS in constructive trust or as bailee, and therefore the allegedly transferred funds are not property of the estate.

## Twenty-Second Affirmative Defense

224.   The First Amended Complaint is barred, in whole and/or in part, because enforcement of relief alleged against the Spring Defendants, victims of the Madoff fraud, would be unconscionable and a violation of public policy.

## Twenty-Third Affirmative Defense

225. The First Amended Complaint is barred, in whole and/or in part, because the prosecution of this action against the Spring Defendants, victims of the Madoff fraud, constitutes an abuse of Plaintiff's authority and discretion.

## Twenty-Fourth Affirmative Defense

226. The First Amended Complaint is barred, in whole and/or in part, because the Plaintiff is equitably estopped from seeking the relief it seeks against the Spring Defendants in this action.

## Twenty-Fifth Affirmative Defense

227. The First Amended Complaint is barred with respect to claims under Section 544(b) of the Bankruptcy Code by the unclean hands of any creditor who held or holds matured or unmatured unsecured claims against BLMIS that were and are allowable under Section 502 of the Bankruptcy Code or that were and are not allowable only under Section 502(e).

## Twenty-Sixth Affirmative Defense

228. The alleged transfers are not avoidable as against the Spring Defendants or recoverable from the Spring Defendants or under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

## Twenty- Seventh Affirmative Defense

229. Plaintiff may not recover attorneys' fees from the Spring Defendants under Sections 544 and 550 of the Bankruptcy Code and Section 276-a of the New York Debtor and Creditor Law because such attorneys' fees are not "transfers" under Section 544 or 550 of the Bankruptcy Code.

### Twenty-Eighth Affirmative Defense

230.    The First Amended Complaint is barred, in whole and/or in part, because the alleged transfers and/or the Spring Defendants' property are exempt from recovery by Plaintiff.

### Twenty-Ninth Affirmative Defense

231.    The First Amended Complaint is barred, in whole and/or in part, based on setoff.

### Thirtieth Affirmative Defense

232.    The First Amended Complaint is barred, in whole and/or in part, based on recoupment.

### Thirty-First Affirmative Defense

233.    The First Amended Complaint is barred under Sections 544 and 550 of the Bankruptcy Code and 276 of the New York Debtor and Creditor Law, in whole and/or in part, because the alleged transfers to the Spring Defendants were received in good faith, and the Spring Defendants were innocent purchasers for value.

### Thirty-Second Affirmative Defense

234.    The First Amended Complaint is barred, in whole and/or in part, based upon the doctrine of judicial estoppel.

### Thirty-Third Affirmative Defense

235.    The First Amended Complaint is barred, in whole and/or in part, to the extent any transfers alleged as to the Spring Defendants were made in good faith and without knowledge of the commencement of this case, within the meaning of Section 542(c) of the Bankruptcy Code.

## Thirty-Fourth Affirmative Defense

236.     The Spring Defendants raise each and every defense at law, in equity, or otherwise, available under any and all federal and state statutes, laws, rules, regulations or other creations, including common law.

## Thirty-Fifth Affirmative Defense

237.     The Spring Defendants adopt and incorporate by reference herein any and all other defenses and/or affirmative defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that the Spring Defendants may share in such defenses.

## RESERVATION OF RIGHTS

238.     The Spring Defendants expressly reserve the right to amend and/or supplement this Answer, their Affirmative Defenses, and all other pleadings. The Spring Defendants assert all other defenses that may be revealed during the course of discovery or other investigation.

## JURY TRIAL DEMANDED

239.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure, the Spring Defendants hereby demand a trial by jury of all issues which may be tried by a jury.


Dated: New York, New York
        September 19, 2011

                            KATSKY KORINS LLP
                            *Attorneys for Defendants Richard Spring, The*
                            *Spring Family Trust, and The Jeanne T. Spring*
                            *Trust*

                            By:  /s/ Robert A. Abrams
                                    David L. Katsky, Esq.
                                    Robert A. Abrams, Esq.
                             605 Third Avenue
                             New York, New York 10158-0038
                             (212) 953-6000