UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Trustee-Applicant,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>Defendant. | No. 08-01789(BRL)<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>Debtor. | |
| IRVING H. PICARD, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff,<br><br>Trustee,<br><br>v.<br><br>COHMAD SECURITIES CORPORATION, *et al.*,<br><br>Defendant. | Adv. Pro. No. 09-01305(BRL)<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JONATHAN GREENBERG'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH TWO SUBPOENAS UNDER FED. R. CIV. P. 45**

Ernest E. Badway, Esq. (EB-0105)
Lauren J. Talan, Esq. (LT-5278)
**FOX ROTHSCHILD LLP**
100 Park Avenue, Suite 1500
New York, New York 10017
Telephone: (212) 878-7900
Facsimile: (212) 692-0940
*Attorneys for Defendant Jonathan Greenberg*

## PRELIMINARY STATEMENT

On or about June 18, 2015, counsel for plaintiff Irving H. Picard ("Plaintiff") served subpoenas upon non-parties Citibank, N.A. and JPMorgan Chase, N.A., and requested, *inter alia*, the production of documents relating to defendant Jonathan Greenberg's ("Greenberg") personal bank records between the years 1993 and 2009 (collectively, the "Subpoenas"). The information sought in the Subpoenas is Greenberg's personal, confidential financial information and has no relation whatsoever to the allegations against Greenberg, or any other party in this matter. Accordingly, pursuant to Federal Rule of Civil Procedure ("FRCP") 45, Greenberg hereby requests that this Court quash and modify the Subpoenas as well as issue a protective order precluding Plaintiff, or any other party, from obtaining Greenberg's personal, confidential bank records.

## RELEVANT FACTUAL HISTORY

In Plaintiff's First Amended Complaint, dated October 8, 2009, Greenberg is only mentioned on a handful of occasions – and *none* of those allegations relate to Greenberg's individual financial status or information. Stated simply, the First Amended Complaint makes it clear that Greenberg is only in this case in his capacity as an agent of Cohmad Securities Corporation ("Cohmad"), and not in his individual capacity.

For the sake of absolute clarity, the following paragraphs, in relevant part, are the only allegations (and most made "upon information and belief") that concern any action by Greenberg relevant to this matter:

- Upon information and belief, defendant Jonathan Barney Greenberg is a citizen of the State of Connecticut … Until January 2009, Greenberg was registered as an agent of Cohmad with CRF number 850655. (*See* First Amended Complaint at ¶17).

2

- Upon information and belief, Sonny Cohn, Marcia Cohn, Jaffe, Delaire, Berman, Greenberg, Jalon, Kurzok, Schoenheimer, Spring, and Buccellato all knew that the activities that they undertook on behalf of Cohmad were for the benefit of the massive fraud committed by Madoff and BLMIS. (*See* First Amended Complaint at ¶23).

- Sonny Cohn, Marcia Cohn, Jaffe, Delaire, Berman, Greenberg, Jalon, Spring and Milton Cohn all maintained accounts at BLMIS. A list of these accounts is included in Exhibit No. 1. (*See* First Amended Complaint at ¶24).

- Upon information and belief, Jaffe, Marcia Cohn, and Greenberg worked together for another broker-dealer, Cowen & Company, and all moved to Cohmad during the period between 1986 and 1989. (*See* First Amended Complaint at ¶54).

- Upon information and belief, various BLMIS Opening Forms listed one of the Cohmad Representatives as the applicable BLMIS registered representative for the account, thereby indicating that the Cohmad Representatives were registered representatives of BLMIS. Examples of this include, without limitation, the forms included at Exhibit 8, which show . . . Opening Form for BLMIS account bearing the number 1CM005, listing Greenberg as the registered representative. Such account was opened on January 4, 1993. (*See* First Amended Complaint at ¶94(i)).

- Upon information and belief, the Cohmad Representatives often remained involved in the administration of customer accounts after referrals were made. This includes for example, as shown in Exhibit 10 hereto . . . In connection with IA Account No. 1CM005, Greenberg received instructions to withdraw funds. (*See* First Amended Complaint at ¶100(e)).

- Cohmad's offices at 885 Third Avenue were interspersed among BLMIS' offices on the 18th floor, with nothing to indicate that the Cohmad ... The second Cohmad office was on the opposite side of the building, and is where Marcia Cohn, Delaire, Jalon, Greenberg, Kurzrok and Buccellato all maintained desks. (*See* First Amended Complaint at ¶112).

- The Cohmad Representatives and their families are sophisticated investors. The Cohmad Representatives held themselves out as professional investment advisers. Upon information and belief, customers of the Cohmad Representatives relied on the Cohmad Representatives to exercise their skill and judgment in managing

3

transactions. Given that at least 84% of the revenue of Cohmad's business was derived from its relationship with BLMIS, and the fact that they received "commissions" based on a net cash rather than some other metric, the Cohmad Representatives should have known that the business conducted by BLMIS was based upon a fraud. (*See* First Amended Complaint at ¶131).

- The Defendants knew or should have known that they were benefitting from fraudulent activity or, at a minimum, failed to exercise reasonable due diligence of BLMIS and its auditors in connection with the Ponzi scheme .... (*See* First Amended Complaint at ¶133(b)).

Additionally, none of the allegations contained in the ten (10) separate causes of action against all Defendants allege that Greenberg co-mingled personal assets or otherwise intertwined his personal assets with those at issue in this case. Thus, none of the causes of action against Greenberg bear any relation to Greenberg's personal, confidential bank records.

Notwithstanding the absence of allegations in the First Amended Complaint relating to Greenberg's personal accounts, on or about June 18, 2015, Plaintiff served subpoenas upon JP Morgan Chase, N.A., and Citibank, N.A. and requested documents relating to Greenberg's personal, confidential bank accounts, including, but not limited to: monthly statements, historical account balance information, deposit slips, records of electronic transfers, copies of checks, records of cash activity, account opening documents, administrative or custodial agreements, communications, and account closing documents. (*See* Declaration of Ernest Badway, Esq. in Support of Defendant's Motion for a Protective Order and to Quash the Subpoenas, dated July 9, 2015 ("Badway Dec."), Exhibits. A and B).

On or about July 6, 2015, after first receiving notice the Subpoenas 2 weeks after the Subpoenas were served on JP Morgan Chase, N.A., and Citibank, N.A. (in contravention of FRCP 45(a)(4)), Greenberg's counsel contacted Plaintiff's counsel, and, pursuant to counsel's obligations under FRCP 26(c), inquired into the reasons the Plaintiff needed Greenberg's

4

personal, confidential banking information. (*See* Badway Dec., Ex. C). To date, the parties have been unable to resolve the dispute relating to the Subpoenas without court action.

## LEGAL ARGUMENT

Under FRCP 45(c)(3), a court may quash or modify a subpoena that would require the disclosure of confidential information. Moreover, FRCP 45 incorporates the general discovery principles set forth in FRCP 26, protecting individuals from whom discovery is sought from annoyance, embarrassment, oppression, or undue burden or expense. It states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Greenberg's personal, confidential bank records have no bearing on the allegations of this matter, and, accordingly, the portions of the Subpoenas that seek Greenberg's personal, confidential bank records must be quashed.

Bank records are, generally, recognized as private and confidential in nature, and are entitled to some degree of protection from unrestricted access and disclosure, even in cases where they may be ultimately relevant to the underlying issues framed in a particular case. *See Carey v. Berisford Metals Corporation*, 1991 WL 44843 (S.D.N.Y. 1991); *Arias-Zeballos v. Tan*, 2007 WL 210112 (S.D.N.Y. 2007) (granting motion to quash subpoena seeking confidential bank information where the information was not relevant to the claims made by the plaintiff in the action). In fact, federal law recognizes the confidentiality of a customer's bank records. *See* Right to Financial Privacy Act, 12 U.S.C. §3410 (implicitly recognizing a customer's privacy interest in bank records and providing a procedure by which a customer can challenge attempts

5

by governmental authorities to obtain same). Greenberg, as a bank customer whose records have been subpoenaed, clearly has standing to contest the propriety of the discovery sought. *See Carey*, 1991 WL 448343 (bank customer's privacy interest in bank records gives him standing to challenge subpoena to bank); *see also Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y 1990).

The extensive bank records sought by Plaintiff from Citibank, N.A., and JP Morgan Chase, N.A., will necessarily include private, confidential financial information of Greenberg, whose personal financial information is in no way relevant to the claims pending in this action. For example, copies of the checks issued by Greenberg to any other individual between the years 1993 and 2009 will necessarily reveal the payee's personal bank account information – more confidential banking information that is irrelevant to the claims asserted herein. This information is beyond the scope of permissible discovery in this action. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("[T]he district courts should not neglect their power to restrict discovery" under Federal Rule 26(c) and "should not hesitate to exercise appropriate control over the discovery process.").

These clear confidentiality concerns must be balanced against the relevancy of the information sought to the underlying claims asserted in this action and Plaintiff's ability to obtain this information by other, less intrusive means. Plaintiff has not clearly articulated why it needs Greenberg's personal, confidential banking information, and not other, less intrusive means, despite being asked directly by Greenberg's counsel. (*See* Badway Dec. at Exhibit C). However, to the extent that Plaintiff seeks information relating to commissions allegedly earned by Greenberg, or withdrawals from accounts allegedly made by Greenberg, that information can be derived from outgoing wire transfers and checks payable to Greenberg – not the entire catalogue of Greenberg's personal, confidential financial history. Accordingly, Plaintiff's

requests for Greenberg's bank records are overbroad and will result in the impermissible disclosure of personal, non-relevant, confidential financial information, and a protective order must be issued quashing the two Subpoenas.

## CONCLUSION

Given the private and confidential nature of the bank records sought by Plaintiff pursuant to the Subpoenas, the over breadth of the Subpoenas, and the fact that any arguably relevant information contained in the bank records, whatever that may be, may be obtained from other, less intrusive sources, Greenberg respectfully requests that this Court enter an order providing that the Subpoenas, seeking his personal bank account records, be quashed and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 9, 2015

>                               Respectfully submitted,
>                               FOX ROTHSCHILD LLP
>
>                               By: s/ Ernest Edward Badway
>                                   Ernest Edward Badway, Esq.
>                                   Lauren J. Talan, Esq.
>                                   100 Park Avenue
>                                   Suite 1500
>                                   New York, New York 10017
>                                   Telephone: (212) 878-7986
>                                   Fax: (212) 692-0940
>                                   ebadway@foxrothschild.com
>
>                                   *Attorneys for defendant Jonathan Greenberg*